UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 22-cv-00850-PGB-DCI

ALEXANDER VOLLMER and
JESSICA DIVELBISS, Individually
and on behalf of others similarly situated,

    Plaintiffs,

vs.

BRIGHTSTAR PROPERTY MAINTENANCE
SERVICES, INC., and LEON NELSON, Individually,

    Defendants.
_____/

## THE PARTIES JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, ALEXANDER VOLLMER ("Vollmer") and JESSICA DIVELBISS ("Divelbiss") (Vollmer and Divelbiss shall be collectively referred to as "Plaintiffs") and Defendants SILVA GROUP CONSTRUCTION, INC., a Florida Corporation ("Silva") and ADELINO AGOSTINHO ("Agostinho") (Silva and Agostinho shall collectively be referred to as "Defendants"), (Plaintiffs and Defendants shall collectively be referred to as the "Parties"), by and through their respective undersigned counsel, hereby jointly move for Court approval of the mutually-agreed upon terms and conditions of the Parties' Settlement Agreement

1

(the "Settlement Agreement"). The Settlement Agreement fully resolves Plaintiffs' claims for unpaid wages under the Fair Labor Standards Act of 1938 29 U.S.C. § 201, *et. seq.* (the "FLSA"), and Florida law.

If the Court approves the Settlement Agreement, the Parties respectfully request dismissal of the above-captioned action with prejudice, in its entirety, with the Parties to bear their own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement. In support thereof, the Parties state as follows:

### MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

1. On May 6, 2022, Plaintiff, through his attorney, filed the Complaint in this matter claiming Defendants violated the Fair Labor Standards Act ("FLSA") and Florida Statute § 448.08 ("Florida's Unpaid Wage Statute") (referred to as the "Lawsuit").

2. To avoid the costs associated with continued litigation, and after detailed negotiations, the Parties reached a complete settlement of the claims asserted in Plaintiffs' Complaint. Defendant deny the allegations of wrongdoing, liability or fault claimed by Plaintiffs, and, under the terms of their Settlement Agreement, Defendants do not admit liability for the alleged amount of unpaid wages claimed by Plaintiffs. In accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties seek Court approval of the settlement of Plaintiff's claims.

**WHEREFORE**, Plaintiffs and Defendants jointly move for court approval of their Settlement Agreement (attached hereto as **Exhibit A**) and for the entry of and Order dismissing the Lawsuit with prejudice.

**MEMORANDUM OF LAW**

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable.

Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement

in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL- 319GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption" in favor of finding a settlement fair) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), *adopted at* 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated result of adversarial proceedings, which itself is an indication of its fairness. In *Lynn's Food Stores*, Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the employees provides some assurance of an adversarial context. Thus, when

the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

Here, Plaintiffs made claims for alleged violations of the FLSA and unpaid wages under Florida law against Defendants.

Defendants subsequently provided to Plaintiffs and their counsel detailed wage and time keeping records. These records reflect that Plaintiffs were paid a daily rate for work they performed for Brightstar. Summary reports for each pay period were provided that showed which dates during the pay period Plaintiffs performed work, the time that they started each date, the time that they finished each date, the total hours worked each date, the overtime hours worked on occasion, and the manner in which overtime was calculated and paid during those occasions. In addition, Defendants submitted records demonstrating that for one pay period, Plaintiffs cashed paychecks with a third-party check cashing companies and then received duplicative paychecks that were re-issued by Silva for the same period, and essentially Plaintiffs were paid twice for the same pay period. In the event the trier of fact were to accept the pay and time records for the Plaintiffs that were produced by Silva, then Plaintiffs would likely be unable to establish that any violation of the FLSA or Florida occurred in relation to such pay records, and that even if a nominal violation occurred that Defendants would be entitled to a setoff that would reduce any damages to zero.

Plaintiffs concede that the time and pay records, other than for the pay periods reflect that they were paid overtime for all hours worked more than 40, but assert that the records do not accurately demonstrate start and end times worked.

Notwithstanding that Defendants deny liability as to Plaintiffs' claims in this case, they have agreed to pay to Plaintiffs all of their claimed unpaid overtime in the amount of $1,000.00 each, liquidated damages in the amount of $1,000.00 each, plus an additional $500.00 each for Plaintiffs' contested claims that their time records are inaccurate. Defendants have further agreed to pay Plaintiffs' attorney's fees and costs for prosecuting the FLSA claim in the amount of $5,000.00. Plaintiffs have not compromised their claims by way of this settlement, and the attorney's fees and costs being paid to Plaintiffs' counsel have been negotiated separately from, and are being paid in addition to, those amounts being paid to Plaintiffs.

Here, the Parties' Settlement represents an outcome that is reasonable given the facts of the case. All Parties have stated that the proposed Settlement is reasonable and fair, and that in arriving at the proposed settlement they considered liability disputes, including; (1) whether Plaintiffs were compensated properly for all wages in accordance with the FLSA; (2) whether Plaintiffs are entitled to alleged liquidated damages and whether the alleged FLSA violations were willful; and (3) the likelihood of Plaintiffs' success on the merits of the claims they have asserted in light of the pay and time records produced by Defendants.

Further, Plaintiffs are obtaining a settlement for 100% of the value of their, including the payment of liquidated damages. Further, the attorneys' fees paid to Plaintiffs' counsel pursuant to the Settlement Agreement are in addition to the full amount of backpay and liquidated damages being paid to Plaintiffs.

Additionally, the Settlement Agreement identifies those portions of the payments being made to the Plaintiffs which represent backpay and liquidated damages and those portions being paid to Plaintiff's counsel for fees and costs.

Under the factors outlined in *Manson v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. Feb. 17, 2012), the Parties assert that: (1) there is absolutely no collusion behind this Agreement; (2) the expense and likely duration of the litigation would by far have exceeded the amount of the settlement reached; (3) the settlement was reached prior to the discovery deadline, but this matter would have required further extensive litigation and judicial involvement if settlement did not occur; (4) while Plaintiffs alleged violations of the FLSA, there was also strong opposition and possibility that Plaintiffs would not have been able to prevail at all on their FLSA claims; and (5) in the opinions of counsel, the settlement reached – including the amount negotiated for Plaintiffs' attorney's fees and costs – was in the best interest of the Parties and represented a fair and reasonable compromise of disputed claims.

At the time of settlement, the Parties were represented by counsel experienced in FLSA litigation. Further, the settlement was a product of extended

7

negotiations. Counsel, at the time of settlement, has zealously represented their clients' respective interests, and has negotiated a settlement that is acceptable to Plaintiffs and Defendant. In the opinion of undersigned counsel for the Parties, the expense of litigation through trial and any appeal would have far exceeded the potential value of this case.

**WHEREFORE**, Plaintiffs and Defendants respectfully request that the Court:

- (i) approve the terms and conditions of the Settlement Agreement;
- (ii) dismiss the instant action in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement; and
- (iii) retain jurisdiction to enforce the terms of the Parties' Settlement Agreement should such enforcement be necessary.

Respectfully Submitted:

By: /s/ Wolfgang M. Florin                    /s/ Joshua Entin, Esq.
Wolfgang M. Florim, Esq.                      Joshua M. Entin, Esq.
**FLORIN GRAY BOUZAS OWENS**                  **ENTIN LAW GROUP, P.A.**
16524 Pointe Village Dr., Suite 100           1213 S.E. Third Avenue
Lutz, Florida 33558                           Fort Lauderdale, Florida 33316
Tel: 727-220-4000                             Tel: 954-761-7201
E-mail: wflorin@fgbolaw.com                   E-mail: josh@entinlaw.com
*Attorney for Plaintiffs*                     *Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specific, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Joshua M. Entin
Joshua M. Entin, Esq

**SERVICE LIST**

*VOLLMER, ET AL., vs. BRIGHTSTAR PROPERTY MAINTENANCE SERVICES, INC., ET AL.*
**Case No. 22-cv-00850-PGB-DCI**

**Wolfgang M. Florin, Esq.**
**FLORIN GRAY BOUZAS OWENS, LLC.**
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Tel: 727-220-4000
E-mail: wflorin@fgbolaw.com
*Attorney for Plaintiffs*

**Christopher D. Gray, Esq.**
**FLORIN GRAY BOUZAS OWENS, LLC.**
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Tel: 727-220-4000
E-mail: cgray@fgbolaw.com
*Attorney for Plaintiffs*